RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7  8  14

UNITED STATES DISTRICT COURT                                      a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CARLTON TURNER                          DOCKET NO. 1:14-CV-975; SEC. P

VERSUS                                  JUDGE DRELL

WARDEN                                  MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* petitioner Carlton Turner, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, who is incarcerated at the David Wade Correctional Center, filed the instant petition for writ of *habeas corpus*. Petitioner challenges his 1996 conviction for first degree murder, obtained by plea agreement, in the Louisiana Thirty-Fifth Judicial District Court, Grant Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636. For the following reasons it is recommended that this successive petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631, since this Court lacks jurisdiction to consider Petitioner's claims.

### *Background*

Petitioner plead guilty in 1996 to first degree murder of Deputy Sheriff Bobby Thompson. He did not appeal his conviction or sentence. Plaintiff filed an application for post conviction relief in the 35th Judicial District Court on June 24, 1999. The application was denied, after an evidentiary hearing, on August 16,

2001. [Id.] On November 26, 2001, Petitioner applied for a writ of review with the Louisiana Third Circuit Court of Appeals.  The writ application was denied on June 18, 2002.  State v. Turner, 01-01546 (La. 3rd Cir. App. 6/18/2002).  The Louisiana Supreme Court denied writs on October 17, 2003.  State ex rel. Turner v. State, 02-3031 (La. 10/17/2003), 855 So.2d 754.

On September 15, 2003, Petitioner filed a petition for writ of habeas corpus in this Court claiming that his court appointed counsel was ineffective and that his plea was not voluntary.  On October 30, 2003, the Court ordered Petitioner to supplement his petition with a complete procedural history to show that his claims were exhausted.  The petition was dismissed as time-barred on May 21, 2004.

In May 2012, Petitioner filed another habeas petition alleging that he killed the victim officer in self-defense.  Petitioner claimed that co-defendants attacked the officer, and the officer turned his gun on Petitioner and attempted to shoot him.  At that point, Petitioner shot the officer in self-defense.  Petitioner claimed this information constituted "new evidence" as it was provided to him by a co-defendant.  This Court transferred the petition to the Fifth Circuit Court of Appeals, as it did not have jurisdiction to consider a second or successive 2254 petition.  The Fifth Circuit denied authorization to file a successive §2254 petition.  [Case: 12-31136, Fifth Circuit]

Petitioner has now filed another §2254 petition without first obtaining permission from the appellate court.

### *Law and Analysis*

Before this petition may be considered by the District Court, petitioner is required to obtain authorization to file this second or successive §2254 petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   The record does not show that petitioner has received such authorization.   Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

In In re Epps, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. Epps implies that the transfer of successive habeas corpus petitions to the Fifth Circuit for consideration under §2244 is proper.   Moreover, transfer of this case appears appropriate and authorized under 28 U.S.C. §1631 which provides in part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of

jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred...."

**IT IS THEREFORE RECOMMENDED** that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for determination as to whether authorization to file a second or successive petition should be granted in accordance with 28 U.S.C. § 2244(b)(3)(A).

## *Conclusion*

In summary, Plaintiff's request for restoration of good time (and any such related claims for injunctive relief) is frivolous as such relief is not available by way of a civil rights action.  His request for monetary damages is barred by Heck v. Humphrey. Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of June, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE